IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:25-CR-40-FL

UNITED STATES OF AMERICA, )
)
v. )
) ORDER
LAWTON THOMPSON PERRY, )
)
Defendant. )

This matter is before the court upon the government's motion for restitution (DE 44), wherein the government seeks additional restitution of $60,063.00 pursuant to 18 U.S.C. § 3663A. Defendant responded in opposition (DE 48). For the following reasons, the court denies the government's motion.

## FACTUAL AND PROCEDURAL SUMMARY

On January 8, 2025, defendant set fire to a commercial building in Atlantic Beach, North Carolina. (PSR (DE 35) ¶¶ 7–8). Two businesses occupied the building: Beach Tavern Bar & Grill and The Posh Pelican. (Id. ¶ 7). Ultimately, the building was declared a total loss. (Id. ¶ 14). On December 16, 2025, defendant pleaded guilty, in relevant part, to malicious damage of property used in interstate commerce in violation of 18 U.S.C. § 844(i). (Id. ¶ 4).

In the presentence investigation report, United States Probation reported that "subsequent to a $1,000 insurance deductible, The Posh Pelican received insurance payments related to the arson totaling $348,710.07 from Erie Insurance, including lost/damaged inventory, contents cleaning, and other replacement costs." (Id. ¶ 16). Probation reported that The Posh Pelican "also received a total of $30,543 in insurance payments related to lost business income; however, lost business income does not appear to be compensable restitution." (Id.). Probation also noted that

"according to a victim statement from The Posh Pelican owner, $60,063 in out-of-pocket expenses were required to secure a new building and inventory; however, this also does not appear to be compensable restitution." (Id.).

On April 8, 2026, the court sentenced defendant to 60 months' imprisonment and, pursuant to 18 U.S.C. § 3663A and consistent with restitution figures calculated by the probation office, (id. ¶ 74), the court ordered restitution in the amount of $2,376,052.66, to be paid as follows:

| Victim | Restitution Amount |
| --- | --- |
| Beach Tavern Properties, LLC | $5,000.00 |
| North Carolina Insurance Underwriting Association | $1,719,735.81 |
| TIPP AB, LLC | $1,606.78 |
| CRC Group | $300,000.00 |
| Erie Insurance Group | $348,710.07 |
| The Posh Pelican | $1,000.00 |

(DE 41 at 7–8). The government sought additional restitution of $60,063.00 to compensate The Posh Pelican owners for their alleged out-of-pocket expenses, and the court held that portion of restitution open for 90 days pursuant to 18 U.S.C. § 3664(d)(5). (See DE 42 at 4). The government filed the instant motion for restitution April 22, 2026, (DE 44), and defendant filed response June 11, 2026. (DE 48).

### COURT'S DISCUSSION

A.    Standard of Review

"[F]ederal courts do not have the inherent authority to order restitution[.]" United States v. Cohen, 459 F.3d 490, 498 (4th Cir. 2006). "The power to order restitution must therefore stem from some statutory source[.]" United States v. Broughton-Jones, 71 F.3d 1143, 1149 (4th Cir. 1995).[1] Here, the authorizing statute is the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A ("MVRA"). "When a defendant is convicted of a crime specified in the MVRA . . .

---

[1]    Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

Congress has mandated that the defendant's sentence include full restitution to the victim." United States v. Roper, 462 F.3d 336, 338 (4th Cir. 2006); see 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). "The burden of demonstrating the amount of [mandatory restitution] shall be on the attorney for the Government." 18 U.S.C. § 3664(e); United States v. Steele, 897 F.3d 606, 613 (4th Cir. 2018). "[O]nce the Government has satisfied its burden to offer evidence supporting its restitution calculation, the burden shifts to the defendant to dispute the amount with her own evidence." United States v. Stone, 866 F.3d 219, 227 (4th Cir. 2017). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e). "If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, . . . the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." Id. § 3664(d)(5); United States v. Seignious, 757 F.3d 155, 161 (4th Cir. 2014).

B.     Analysis

"There is no question that the primary purpose of the MVRA was to ensure that victims are made whole[.]" United States v. Grant, 715 F.3d 552, 558 (4th Cir. 2013). Nevertheless, MVRA procedure "makes clear that the defendant is expected from the outset to repay all of the actual losses that he caused, but no more." United States v. Ritchie, 858 F.3d 201, 215 (4th Cir. 2017). Thus, in calculating restitution under the MVRA, a court may not permit the victim to obtain a "windfall." Id. at 215–16; Steele, 897 F.3d at 611; see Stone, 866 F.3d at 226 ("[T]he MVRA does not allow a court to . . . unfairly punish a defendant by requiring him to pay back more money than he stole.").

Here, the government argues The Posh Pelican owners "incurred an additional $60,063 in expenses that were not covered by insurance" to reopen the business, and therefore additional

3

restitution of $60,063.00 is necessary under the MVRA to make the owners whole.  (Gov.'s Mot. (DE 44) at 3).  Specifically, the government argues these expenses "included the fixtures and labor needed to customize the new [store] location to make it functional for the Posh Pelican to resume operations."  (Id. at 2).  Defendant argues the owners of The Posh Pelican have already been made whole where the owners "did not have to pay for any repairs to the original store, nor did they have to be reimbursed for the loss of the building" because they were merely tenants, and the $348,710.07 payment from The Posh Pelican's insurer, Erie Insurance, already covered "the costs of lost inventory, fixtures, and labor costs."  (Def.'s Resp. (DE 48) at 3).

According to insurance records summarized in the presentence report, "The Posh Pelican received insurance payments related to the arson totaling $348,710.07 from Erie Insurance, including lost/damaged inventory, contents cleaning, and other replacement costs."  (PSR (DE 35) ¶ 16).  Additionally, one of The Posh Pelican owners provided a victim statement that the $60,063.00 in out-of-pocket expenses "were required to secure a new building and inventory." (Id.).  Probation also noted The Posh Pelican "received a total of $30,543 in insurance payments related to lost business income[.]"  (Id.).

The government does not offer evidence substantiating its claim that the $60,063.00 in expenses "were not covered by insurance."  (Gov.'s Mot. (DE 44) at 3).  This missing evidence is particularly necessary where The Posh Pelican owners already received an insurance payment to cover "lost/damaged inventory, contents cleaning, and other replacement costs," and one of The Posh Pelican owners stated the additional out-of-pocket expenses were made at least in part to secure new inventory.  (PSR (DE 35) ¶ 16).  The government does not explain why the insurance payment was insufficient to reopen the business in a new location, and where the court already ordered defendant to pay $348,710.07 to Erie Insurance Group as restitution for the insurance

4

payment made to the owners of The Posh Pelican, the government has not met its burden to demonstrate by a preponderance of the evidence that the additional requested restitution of $60,063.00 is necessary to make the victims whole.  See Grant, 715 F.3d at 558.  Instead, the evidence before the court shows that ordering additional restitution would cause defendant to repay more than the actual losses he caused and would permit the victim to obtain a windfall.  See Ritchie, 858 F.3d at 215–16.

Moreover, a victim's unsupported loss estimate is insufficient on its own to substantiate a restitution amount.  Steele, 897 F.3d at 613; United States v. Mullins, 971 F.2d 1138, 1147 (4th Cir. 1992).  Here, as in Steele and Mullins where the Fourth Circuit held the government did not carry its burden to demonstrate the amount of mandatory restitution, "the Government offered the victim's unsupported statement as its principal piece of evidence supporting the amount of restitution."  Steele, 897 F.3d at 613; Mullins, 971 F.2d at 1147; (see PSR (DE 35) ¶ 16 ("[A]ccording to a victim statement from The Posh Pelican owner, $60,063 in out-of-pocket expenses were required to secure a new building and inventory[.]"); see generally Gov.'s Mot. (DE 44) (providing no additional evidence)).  Like in Steele, instead of attaching business records to substantiate The Posh Pelican's alleged out-of-pocket expenses requiring additional restitution, the government "merely rubberstamped [the victim]'s unsupported loss estimate."  897 F.3d at 613–14; cf. United States v. Henoud, 81 F.3d 484, 490 (4th Cir. 1996) ("[A victim company's] business records coupled with the testimony of a [company] employee . . . provide an appropriate basis for establishing the amount of loss.").  Where "[n]othing in the record indicates it would be difficult for [the victim] to produce records substantiating its losses," Steele, 897 F.3d at 615, and the government had 90 days after sentencing to produce such records, the government "fail[s] to meet its burden to demonstrate loss."  Id. at 614; Stone, 866 F.3d at 227.

Accordingly, the government fails to demonstrate by a preponderance of the evidence that $60,063.00 of additional restitution is appropriate under the MVRA because the evidence before the court shows that ordering additional restitution would cause defendant to repay more than the actual losses he caused. See Ritchie, 858 F.3d at 215–16. Additionally, the government provides nothing more than the victims' unsupported loss estimate to substantiate its claim for additional restitution, and therefore the government "fail[s] to meet its burden to demonstrate loss." Steele, 897 F.3d at 614. The court therefore denies the government's motion for restitution.

## CONCLUSION

Based on the foregoing, government's motion for restitution (DE 44) is DENIED.

SO ORDERED, this the 9th day of July, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge